IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KEVIN REYNOLDS,                          6:13-cv-00637-BR

         Plaintiff,                      OPINION AND ORDER


v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

         Defendant.


MERRILL SCHNEIDER
Schneider Kerr & Gibney Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

         Attorneys for Plaintiff

---

    [1] Carolyn W. Colvin became the Acting Commissioner of Social
Security on February 14, 2013.  Pursuant to Rule 25(d) of the
Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as Defendant in this case.  No
further action need be taken to continue this case by reason of
the last sentence of section 205(g) of the Social Security Act,
42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**LARS J. NELSON**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2909

        Attorneys for Defendant


**BROWN, Judge.**

        Plaintiff Kevin Reynolds seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) payments under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

        Following a thorough review of the record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.


### ADMINISTRATIVE HISTORY

        Plaintiff filed his application for SSI on August 20, 2010.


2 - OPINION AND ORDER

Tr. 157.[2]  The application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on September 6, 2011.  Tr. 22.  At the hearing Plaintiff
was represented by an attorney.  Tr. 22.  Plaintiff testified at
the hearing.  Tr. 22.

The ALJ issued a decision on January 13, 2012, in which he
found Plaintiff is not entitled to benefits.  Tr. 34.  That
decision became the final decision of the Commissioner on
August 24, 2012, when the Appeals Council denied Plaintiff's
request for review.  Tr. 6.


## BACKGROUND

Plaintiff was born on June 18, 1967, and was 44 years old at
the time of the hearing.  Tr. 48, 157.  Plaintiff completed high
school and some vocational training in information technology.
Tr. 52, 287.  Plaintiff has past relevant work as a computer-chip
fabricator and a security-system installer.  Tr. 32, 52, 54.

Plaintiff alleges disability since August 20, 2010,[3] due to
migraines, depression, chronic back pain, and dyslexia.  Tr. 174.

---

[2]  Citations to the official transcript of record filed by
the Commissioner on September 11, 2013, are referred to as "Tr."

[3]  Plaintiff alleged an onset date of November, 1, 2006, in
his application, but he agreed to amend his alleged onset date to
August 20, 2010 at the hearing and waived his right to Disability
Insurance Benefits (DIB) under Title II of the Social Security
Act.  Tr. 22, 66.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 25-32.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a "mere scintilla" of evidence
but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

    The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).


## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

    The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the
meaning of the Act.  *Keyser v. Comm'r of Soc. Sec. Admin.*, 648

F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser*, 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R.

§ 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since August 20, 2010, his alleged onset date.  Tr. 25.

At Step Two the ALJ found Plaintiff has the severe impairments of "degenerative disc disease of the lumbar spine, chronic pain syndrome, sacroiliitis, left neck and shoulder pain, depression and anxiety."[4]  Tr. 25.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 26.  The ALJ found Plaintiff has the RFC to perform light work, "except he can only occasionally balance, bend, crouch, crawl, kneel, stoop and climb ramps and stairs but not ladders, ropes and scaffolds; he must avoid even moderate exposure to hazards (dangerous machinery, unprotected heights,

---

[4]  The Court notes the ALJ based his findings as to these impairments on the medical diagnoses of Plaintiff that appear in the record rather than statements in Plaintiff's applications. *See* Tr. 25-32, 174.

8 - OPINION AND ORDER

etc). He can perform simple repetitive tasks *i.e.* unskilled work." Tr. 28.

At Step Five the ALJ concluded Plaintiff has a sufficient RFC to perform jobs that exist in significant numbers in the national economy based on the Medical-Vocational Guidelines (Grids) at 20 C.F.R. Part 404, Subpart P, Appendix 2. Tr. 33.

Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 34.


## DISCUSSION

Plaintiff contends the ALJ erred by failing (1) to find Plaintiff's migraines to be a severe impairment at Step Two, (2) to include any limitations in Plaintiff's RFC as to Plaintiff's ability to socially function, and (3) to consult with a VE at Step Five.

**I.   The alleged error by the ALJ at Step Two was harmless.**

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments. *Stout v. Comm'r, Soc. Sec. Admin*., 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 416.920(a)(4)(iii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). *See also Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005). The

ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(a),(b).  Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting.  *Id*.

The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . .  [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).

As noted, the ALJ found Plaintiff has the severe impairments of "degenerative disc disease of the lumbar spine, chronic pain syndrome, sacroiliierrtis, left neck and shoulder pain, depression and anxiety."  Tr. 25.  Plaintiff, however, asserts the ALJ erred at Step Two when he did not find Plaintiff's alleged migraines to be a severe impairment.

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific

impairments as severe does not prejudice a claimant at Step Two.
*Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in
omitting an impairment from the severe impairments identified at
Step Two was harmless when Step Two was resolved in claimant's
favor).  Because the ALJ resolved Step Two in Plaintiff's favor,
the Court concludes any error by the ALJ in failing to identify
migraines as a severe impairment is harmless.

**II.  The ALJ did not err when he did not include in Plaintiff's RFC a limitation as to Plaintiff's ability to socially function.**

Plaintiff contends the ALJ erred in his assessment of
Plaintiff's RFC when the ALJ found Plaintiff has the severe
impairments of depression and anxiety and moderate restrictions
in social functioning, but did not include a limitation as to
Plaintiff's ability to socially function.

"The step two and step five determinations require different
levels of severity of limitations such that the satisfaction of
the requirements at step two does not automatically lead to the
conclusion that the claimant has satisfied the requirements of
step five."  *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir.
2007).  As the district court in *Keokham v. Astrue* pointed out,
"the [RFC] determination is a separate determination, made in
order to assess the claimant's ability to perform the functions
of [his] past work (step four), or if [he] cannot do [his] past
work, other work (step five).  Thus, [an] ALJ's findings at step

two [or] three . . . are not limitations that ha[ve] to be included in the ultimate RFC assessment." No. 07-CV-426, 2008 WL 4196972, at *4-*5 (E.D. Cal. Sept. 9, 2008)(citing *Hoopai*, 499 F.3d at 1076 (9th Cir. 2007)).

As noted, the ALJ found Plaintiff's mental impairments of anxiety and depression met the *de minimus* requirement for severity at Step Two. Tr. 25. At Step Three, the ALJ found Plaintiff was moderately restricted in his ability to function socially. Tr. 27. In his assessment of Plaintiff's RFC, the ALJ limited Plaintiff to light exertion work based on Plaintiff's physical impairments, but the ALJ did not include any limitations based on Plaintiff's mental impairments. Tr. 28. As noted, under *Hoopai* and *Keokham* the ALJ was not required to include a limitation on Plaintiff's ability to socially function at Step Five merely because he found such a limitation at Step Three.

Moreover, the ALJ's decision is supported by the opinions of examining physician Dr. Robin Campbell, Ph.D., and nonexamining physician Robert Liss, Ph.D. Dr. Campbell performed a complete mental examination of Plaintiff on October 9, 2010, and concluded Plaintiff could maintain the pace of a normal work day and was only mildly to moderately impaired in his ability to respond to supervision, to manage normal workday stress, and to respond appropriately to the public. Tr. 289. Dr. Liss similarly found Plaintiff was moderately limited in his ability to interact with

the public, but he ultimately concluded Plaintiff was "able to interact," "to adapt to ordinary workplace stress and change," and "to maintain [concentration, persistence, and pace] over a full work week."  Tr. 307.

Accordingly, the Court concludes on this record that the ALJ did not err in his evaluation of Plaintiff's RFC when he did not include a limitation as to Plaintiff's ability to function socially.

**III. The ALJ did not err when he used the Grids of the Medical-Vocational Guidelines instead of a VE's testimony in Step Five.**

Plaintiff contends the ALJ's determination at Step Five that Plaintiff can perform "jobs that exist in significant numbers in the national economy" was erroneous because the ALJ did not take the testimony of a VE at the hearing.  Instead the ALJ relied solely on the Grids of the Medical-Vocational Guidelines even though, according to Plaintiff, "the ALJ had insufficient evidence to conclude that the *combined* impact of the assessed mental, postural, and environmental limitations would be so minimal as to allow for his continued reliance on the grids." Pl.'s Br. at 8 (emphasis in original).

With respect to an ALJ's reliance on the Grids in lieu of the testimony of a VE, the Ninth Circuit has held:

> The grids are an administrative tool the Secretary may rely on when considering claimants with substantially uniform levels of impairment.  They may be used, however, "only when the grids accurately and completely

> describe the claimant's abilities and limitations."
> When a claimant's non-exertional limitations are
> "sufficiently severe" so as to significantly limit the
> range of work permitted by the claimant's exertional
> limitations, the grids are inapplicable.  In such
> instances, the Secretary must take the testimony of a
> vocational expert, and identify specific jobs within
> the claimant's capabilities.  Thus, the grids will be
> inappropriate where the predicate for using the
> grids—the ability to perform a full range of either
> medium, light or sedentary activities—is not present.

*Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988)(citations and footnote omitted).

As noted, the ALJ found Plaintiff has the RFC to perform light work "except he can only occasionally balance, bend, crouch, crawl, kneel, stoop and climb ramps and stairs but not ladders, ropes and scaffolds; he must avoid even moderate exposure to hazards (dangerous machinery, unprotected heights, etc.)."  Tr. 28.  The ALJ found Plaintiff's nonexertional limitations "have little or no effect on the occupational base of unskilled light work" and also found that Plaintiff's mild-to-moderate mental limitations were not sufficiently severe nonexertional limitations to warrant the assistance of a VE. Tr. 33-34.

"Occasional" nonexertional physical limitations such as those identified by the ALJ do not significantly erode the occupational base to a degree that the testimony of a VE is required in Step Five.  *See Iness v. Astrue*, No. 10-CV-0398-JPH, 2012 WL 1574797, at *11 (E.D. Wash. May 3, 2012)(citing SSR 85-

15).  As noted, the Court has found the ALJ did not err when he omitted a limitation as to Plaintiff's ability to socially function when the ALJ evaluated Plaintiff's RFC.

Accordingly, the Court concludes the ALJ's application of the Grids was appropriate.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 2nd day of June, 2014.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

15- OPINION AND ORDER